CHARLES H. BREWER & another *vs.* JEREMIAH STONE.

An action on a written contract made with two persons jointly may be brought in the names of both, although one had parted with his interest therein to the other, before it was signed.

A contract was made in writing " by and between A. and B., of the first part, and the subscribers to these presents, stockholders in the Cape Cod Telegraph Line, of the other part, that the said stockholders shall pay to the said A. and B. $25 for each and every share of stock set opposite their respective names," in consideration of which A. and B. agreed to build a telegraph line along a certain route and upon certain conditions; and it was agreed that " the stock subscribed " should be payable when a stated portion of the line should be finished, "at which time A. and B. shall convey in fee simple the said Cape Cod Telegraph Line, with all the fixtures by them erected and constructed." At the completion of the line, a meeting of the subscribers was called by notice published in a newspaper, at which it was voted to apply for an act of incorporation; an act was obtained accordingly; and A. and B. conveyed the telegraph line to the corporation. *Held,* that A. and B. might recover the subscription of a subscriber of the contract, who had not seen the notice nor attended the meeting; and that the books of the corporation were competent evidence to show an acceptance of the conveyance by them.

ACTION OF CONTRACT by Brewer and Baldwin to recover a subscription for four shares of stock in an electric telegraph line, under the following agreement, signed by them and the defendant on the 29th of June 1855 :

" Cape Cod Telegraph Line. Know all men by these presents, that for and in consideration of the mutual covenants hereinafter mentioned, to be rendered and performed, it is hereby agreed by and between Charles H. Brewer and A. J. Bald-

win, of the first part, and the subscribers to these presents, stockholders in the Cape Cod Telegraph Line, of the other part; that the said stockholders shall pay to the said Brewer and Baldwin twenty five dollars for each and every share of stock set opposite their respective names ; the payments thereon to be made as hereinafter indicated.

" And the said Brewer and Baldwin hereby agree, in consideration of the above, to erect and build a good and substantial line of telegraph from Boston to Provincetown on Cape Cod by way of the Old Colony and Cape Cod railroads to Hyan nis, thence by the most favorable route, (taking in Chatham,) with offices at all the principal towns along the route of said line, provided the said towns by their citizens or otherwise subscribe for and pay in a fair proportion of the stock in said line. And the consideration to be paid to the said Brewer and Baldwin shall be the sum of two hundred dollars per mile for the erection of said line, including instruments, magnets, keys, batteries, and all other fixtures necessary for complete telegraphic operation. The stock subscribed for at Provincetown payable when the posts are erected from Provincetown to Orleans, at which time said Brewer and Baldwin shall grant and convey in fee simple the said Cape Cod Telegraph Line with all the fixtures by them erected and constructed as above described, together with the right of using Professor Morse's patent telegraph instrument thereon, and to warrant and defend the same against all parties claiming or pretending to claim any interest in said patent. All rights herein conferred, and all duties herein imposed, shall extend to the heirs, executors, administrators and assigns of the parties to these presents respectively. Signed on the day of the date set opposite the name of each subscriber. Provincetown, June 29, 1855."

At the trial in the court of common pleas, before *Morris,* J. it appeared that Brewer sold out all his interest in the Cape Cod Telegraph Line to Baldwin on the 16th of June 1855, before the defendant subscribed. And the defendant objected that the action was not correctly brought in the name of Brewer and Baldwin. But the judge overruled the objection.

The judge, at the request of the defendant, ruled that the plaintiffs could not recover unless they proved that they had conveyed the telegraph line according to the terms of the contract. The plaintiffs then proposed to prove that in the autumn of 1855, about the time of the completion of the line, a meeting of the subscribers and of those interested in the Brewer and Baldwin Telegraph Line, (by which name the Cape Cod Telegraph Line was known in that vicinity,) was called by notice published in the Barnstable Patriot, at which it was voted to obtain an act of incorporation under the name of the Boston and Cape Cod Marine Telegraph Company ; and in accordance with this vote such an act was obtained. It was admitted that the ·defendant did not see this notice nor attend the meeting. Deeds of conveyance of the telegraph line from Brewer and Baldwin to the corporation were produced in evidence, and the plaintiffs offered the book of records of the corporation to prove their acceptance by them of these conveyances. The judge, against the defendant's objection, ruled that the book was admissible for this purpose, and that these conveyances were a substantial compliance with the plaintiffs' contract. The jury found a verdict for the plaintiffs, and the defendant alleged exceptions.

*N. Wood,* for the defendant. 1. Baldwin had no interest in the subject matter of the contract when it was signed, and the action ought therefore to have been brought in Brewer's name only. 1 Chit. Pl. (6th Amer. ed.) 3. *Dawes* v. *Peck,* 8 T. R. 330. *Camden* v. *Anderson,* 5 T. R. 709. *Brand* v. *Boulcott,* 3 Bos. & Pul. 235. *Osborne* v. *Harper,* 5 East, 225. *Doremus* v *Selden,* 19 Johns. 213. *Tillou* v. *Kingston Mutual Ins. Co.* 1 Selden, 405. *Murdock* v. *Chenango County Mutual Ins. Co.* 2 Comst. 210. *Gage* v. *Rollins,* 10 Met. 348.

2. The conveyances proved were made to strangers, without the knowledge or assent of the defendant, and deprived him entirely of any interest therein. The conveyance ought to have been made to the defendant and his associates. Co. Lit. 42. *Lent* v. *Padelford,* 10 Mass. 230. *Atlantic Cotton Mills* v. *Abbott,* 9 Cush. 423. *People's Ferry* v. *Balch,* 8 Gray, 303.

**3.** The books of the corporation should not have been admitted in evidence against the defendant.

*W. S. Davis,* for the plaintiffs.

DEWEY, J.  1. We perceive no ground of objection to the form of this action.  The action was properly brought in the name of Brewer and Baldwin.  They were the parties to the contract of the first part, so described in the instrument, and acknowledged to be by the terms of the special written contract signed by the defendant.  The fact that, by some arrangement between themselves, one of the plaintiffs had sold out all his interest in the Cape Cod Telegraph Line to the other plaintiff on the 16th of June 1855, and before the execution of the contract by the defendant, does not prevent this action being brought in the name of both according to its actual tenor, Baldwin not objecting.  It is declaring upon the promise according to its legal effect.

2. The principal question is, whether the plaintiffs have shown such performance on their part as entitles them to maintain their action.  The subscriptions for stock were by the terms of the contract payable when the posts were erected from Provincetown to Orleans; " at which time said Brewer and Baldwin shall grant and convey in fee simple the said Cape Cod Telegraph Line, with all the fixtures," &c.  The defendant denies that such conveyance has been duly made.  The contract, as will be seen by reference to it, was loose and indefinite as to the persons who were to be made grantees in such conveyance.  The conveyance was to be made by the plaintiffs, but nothing appears as to whom it was to be made, unless it be a legal inference that the conveyance was so to be made as to embrace the names of all the numerous list of subscribers.  No doubt it was to be made for their benefit, and so as to secure their interest.  But there is much in the contract to indicate that the parties contemplated acting through a corporation.  It provides for the payment of twenty five dollars " for each and every share of stock."  The subscribers are denominated " stockholders."  It was, we think, incident to such a subscription for such an enterprise as this, that the subscribers should organize

under an act of incorporation, and that the conveyance should be made to the corporation for the benefit of the stockholders. The case shows the giving of such notice as was adapted to secure to each subscriber the opportunity to vote on the question of obtaining such act of incorporation and participating in the proceedings under it. Such being the case, the fact that the defendant, or any one of the subscribers, did not see the notice of the meeting, or attend the same, would not release him from liability to pay his subscription to the plaintiffs, who had performed their contract in a manner that was adapted to the case, and reasonably within the stipulation to convey the same for the use and benefit of those persons who should become subscribers for shares in the stock of the Cape Cod Telegraph Line.

3. The book of records was competent evidence for the purposes for which it was introduced.          *Exceptions overruled.*